UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MANETIRONY CLERVRAIN et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 24-02049 (CRC) |
| UNITED STATES OF AMERICA et al., | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM OPINION

Plaintiffs, appearing pro se, filed suit in the Superior Court of the District of Columbia against federal and non-federal defendants. The federal defendants ("Defendants") removed the case pursuant to 28 U.S.C. § 1442(a)(1) and now move to dismiss the complaint under Federal Rules of Civil Procedure 8(a), 12(b)(1), and 12(b)(6). The complaint is incomprehensible, as are Plaintiffs' numerous filings, ECF Nos. 13, 15, 17, 19, 20-29, which include an 834-page "Motion" improperly docketed as an "Amended Complaint," ECF No. 11, and a 1,797-page motion, ECF No. 8, which Defendants have opposed in their motion to dismiss. See Fed. Defs.' Combined Mot. to Dismiss and Opp'n to Pls.' Mot. for Order, ECF No. 9. For the following reasons, Defendants' motion to dismiss will be granted.[1]

---

[1] By Order of September 24, 2024, ECF No. 14, Plaintiffs were advised of their obligations to respond to the federal defendants' motion to dismiss by October 21, 2024, and the consequences of not responding appropriately. Plaintiffs have not filed an intelligible response to the motion.

**I. BACKGROUND**

In a section of the 18-page Complaint designated for stating a claim, Plaintiffs write: "MOTION FOR ["COLUMBIA ECONOMIC"] ("CE") OR ["DISTRICT OF COLUMBIA ACT"] ("DCA") BY ['NATIONAL AND SOCIAL BENEFITS ACT'] ("NASBA"). ECF No. 1-1 at 1.  They request as relief: MOTION FOR ["PROTECTING RIGHTS"] ("PR") OR [NATIONAL MATTERS" ACT ("FLA") BY ['COUNTRY UNION PUBLIC ["IN"] DATA ACT"] ("CUPIDA")." Id.  The remainder of the complaint is equally bewildering.  See id. at 2-18.

**II. LEGAL STANDARD**

Before considering Defendants' viable grounds for dismissal based on insufficient pleading under Rules 8 and 12(b)(6), the Court must satisfy itself that it has subject-matter jurisdiction to consider the complaint.  Lovitky v. Trump, 949 F.3d 753, 763 (D.C. Cir. 2020).  This is so because subject-matter jurisdiction "goes to the foundation of the court's power to resolve a case," Doe by Fein v. District of Columbia, 93 F.3d 861, 871 (D.C. Cir. 1996), and it "can never be waived or forfeited," Gonzalez v. Thaler, 565 U.S. 134, 141 (2012).  Thus, lack of subject-matter jurisdiction in this removed action would necessitate granting Defendants' motion to dismiss under Rule 12(b)(1) and remanding the case to the proper forum.  Republic of Venezuela v. Philip Morris, Inc., 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)).

In evaluating a motion to dismiss under Rule 12(b)(1), the Court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged.'" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quoting Thomas v. Principi, 394 F.3d 970,

972 (D.C. Cir. 2005)).  Although the filings of pro se parties are construed liberally, see Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999), "the non-justiciability of a case and the absence of jurisdiction cannot be overcome by liberal construction of a pro se complaint," Troupe v. Attorney General of United States, 317 F.Supp.3d 350, 353 (D.D.C. 2018).

**III.  ANALYSIS**

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted).  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994).  The waiver "must be unequivocally expressed in statutory text, and [it cannot] be implied." Lane v. Pena, 518 U.S. 187, 192 (1996) (citations omitted).  Furthermore, "federal courts are without power to entertain claims otherwise within their jurisdiction" that "are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" Hagans v. Lavine, 415 U.S. 528, 536-37 (1974).  Indeed, a "complaint may be dismissed on jurisdictional grounds when it 'is patently insubstantial,' presenting no federal question suitable for decision." Tooley v. Napolitano, 586 F.3d 1006, 1009 (D.C. Cir. 2009) (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C. Cir. 1994)).

Plaintiffs have not established a waiver of sovereign immunity, which is reason enough to dismiss the complaint.  But a complaint, as here, that wholly lacks "an arguable basis either in law or in fact" is a frivolous pleading, Neitzke v. Williams, 490 U.S. 319, 325 (1989), and the Court envisions no "allegation of other facts" that could plausibly cure this shortcoming of the complaint.  Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (per curiam).  Therefore,

as proposed, ECF No. 9 at 6, the complaint against the federal defendants is dismissed with prejudice.  See Juste v. Resident Agency Martinsburg, 153 F. Supp. 3d 242, 244-45 (D.D.C. 2016) (concluding that "largely incoherent allegations comprising the complaint and subsequent pleadings warrant dismissal of the action under Rule 12(b)(1) . . . with prejudice") (collecting cases)).

### IV.  CONCLUSION

For the foregoing reasons, the Court grants the federal defendants' motion to dismiss and dismisses the complaint against those defendants.  In all other respects, the case is remanded to D.C. Superior Court.

A separate Order will issue contemporaneously.

Date: October 22, 2024

_____/s/_____
CHRISTOPHER R. COOPER
United States District Judge